TO BE PUBLISHED

# Supreme Court of Kentucky

2024-SC-0574-KB

IN RE: JAY MICHAEL DADE

## OPINION AND ORDER

Jay Michael Dade, Kentucky Bar Association ("KBA") Number 97948, was admitted to the practice of law in the Commonwealth on April 24, 2018. His bar roster address is listed as 7101 College Boulevard, Suite 1200, Overland Park, Kansas 66210.

Pursuant to Supreme Court Rule ("SCR") 3.167(1), the Office of Bar Counsel ("OBC") moved this Court to enter an order indefinitely suspending Dade from the practice of law in the Commonwealth of Kentucky. The OBC asserts that Dade failed to file an Answer to a Charge as required by SCR 3.164. We grant the OBC's motion.

The underlying Charge arose out of a Bar Complaint filed against Dade concerning his representation of his client KentuckyOne in litigation brought against KentuckyOne for wrongful termination. Although Dade was not physically located in Kentucky, he served as primary defense counsel for KentuckyOne and was KentuckyOne's sole contact. Another attorney served as "local counsel" for KentuckyOne in the litigation and, according to the OBC, his responsibilities were limited to "advising [Dade] about Kentucky practice and

reviewing and filing pleadings that [Dade] prepared." It was this attorney who would later report Dade's conduct to the KBA initiating these proceedings.

During the discovery phase of the litigation, the plaintiff filed a motion to compel the production of documents from KentuckyOne which was granted by the trial court. Despite repeated requests for extensions, Dade failed to produce the discovery in conformity with the trial court's order and ultimately the plaintiff filed a motion of contempt. That motion was granted, however, the trial court determined that no penalties would be imposed if KentuckyOne produced the identified documents within thirty days. Dade neither tendered the documents nor filed any other form of response.

After not receiving the ordered discovery, the plaintiff filed a motion for default judgment and requested attorney fees for noncompliance. The trial court ruled by granting the plaintiff a missing evidence instruction for trial purposes and ordered KentuckyOne to pay $8,954.00 in attorney fees. Later, another motion to compel discovery was filed by the plaintiff which again went unanswered resulting in an yet another contempt order requiring KentuckyOne to pay an additional $3,475.00 in attorney fees to the plaintiff.

Dade's local counsel has alleged that he initiated contact with the claims manager handling the litigation to inquire for himself whether KentuckyOne or its carrier were aware of the discovery issues in the litigation. During their discussion, the claims manager stated that Dade had told the claims manager that the plaintiff had failed to file an itemization of the damages and that Dade was waiting on the court to sanction the plaintiff. In reality the plaintiff had

filed an itemization of damages in excess of $5 million. The claims manager was not aware of the discovery issues, the contempt findings, or the awarded fees. According to local counsel, he also personally contacted Dade who admitted KentuckyOne was not aware of any of the problems with the litigation, stated "the case got away from me," and when pressed on the issue, informed Dade "I don't have any answers for you." Dade was terminated from representation and KentuckyOne ultimately resolved the litigation through a settlement.

Dade's conduct was reported to the KBA and the OBC opened the Complaint for a formal response. A copy of the Complaint was sent by certified mail to Dade's bar roster address at the law firm of Jackson Lewis, PC, in Overland Park, Kansas. On October 25, 2023, the certified mail's green card was signed for by Sam Gomez, a legal assistant at the Jackson Lewis firm's Overland Park office. However, Dade himself acknowledged receiving the complaint by calling the OBC to report receipt. On November 6, 2023, the OBC sent an email to Dade memorializing the phone call and providing additional information about the disciplinary process. Dade replied to that email on the same day but ultimately never filed a response to the complaint. The OBC has received no further communication from Dade.

After no response to the Complaint was received from Dade, on January 22, 2024, the KBA Inquiry Commission filed a Charge against Dade for violating SCR 3.130(1.3) for failing to diligently represent his client in civil litigation, SCR 3.130(1.4)(a) and(b) for failing to adequately communicate with

3

his client and failure to discuss matters that affected the representation, SCR (3.3)(a)(1) for making false statements to the Jefferson Circuit Court in the ongoing civil litigation, SCR (3.4)(c) for disobeying the trial court's pretrial orders regarding discovery and other matters, SCR (8.4)(c) for misrepresenting the extent of his activity in the ongoing litigation, and SCR 3.130(8.1)(b) for failing to respond to a lawful request for information in a disciplinary action.

The Charge was mailed to Dade by certified mail which was signed for on February 13, 2024. It was not clear to the OBC whether the signature was Dade's and, as a precaution, after Dade failed to file an answer to the Charge, on June 26, 2024, Dade was served by Executive Service pursuant to SCR 3.035(2).

This Court concludes that the bar roster address, which Dade maintains with the KBA, is the address at which he agreed to accept service and at which he was properly served. To date, Dade has neither filed an answer to the Charge nor made any further contact with the OBC or the KBA.

On December 20, 2024, the OBC moved this Court for an order indefinitely suspending Dade from the practice of law in the Commonwealth of Kentucky for his failure to file an answer to the Charge. As a result of the OBC's motion, on January 13, 2025, this Court ordered Dade to, within twenty days, show cause as to why he should not be indefinitely suspended. Dade did not respond.

In unrelated proceedings, on January 17, 2025, the KBA suspended Dade from the practice of law in Kentucky for non-payment of KBA dues for the

4

July 1, 2024, through June 30, 2025, fiscal year, and noncompliance with the minimum continuing legal education (CLE) requirements for the 2023 to 2024 educational year. SCR 3.050 and SCR 3.675 allow for bar members to appeal such suspensions to this Court within thirty days. No appeal from that administrative suspension has been filed by Dade with this Court.

While Dade has no prior disciplinary history, SCR 3.167(1) provides that this Court may, in its discretion, indefinitely suspend a respondent who fails to answer a Charge or participate in the disciplinary process. An indefinite suspension is a reasonable and necessary measure to protect the integrity of the disciplinary process and of this Court. The OBC has demonstrated that Dade was served with appropriate notice of the Charge, and that Dade failed to answer or otherwise participate in the disciplinary process. This Court cannot identify any factors that weigh against exercising its discretion to indefinitely suspend Dade. Dade's decision not to participate in his disciplinary proceedings leaves us with no choice but to grant the OBC's motion and indefinitely suspend Dade from the practice of law in the Commonwealth of Kentucky.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. Respondent, Jay Michael Dade, is indefinitely suspended from the practice of law in the Commonwealth of Kentucky, pursuant to SCR 3.167;

2. The Office of Bar Counsel shall, by May 1, 2026, file a status report concerning these proceedings and any developments therein;

3. As required by SCR 3.390(2), Dade will, within twenty (20) days after the issuance of this order of suspension, notify by letter duly placed with the United States Postal Service, all courts or other tribunals in which he has matters pending of his suspension. Further, he will inform by mail all of his clients of his inability to represent them and of the necessity and urgency of promptly retaining new counsel. Dade shall simultaneously provide a copy of all such letters of notification to the Office of Bar Counsel. Dade shall immediately cancel any pending advertisements, to the extent possible, and shall terminate any advertising activity for the duration of the term of suspension; and

4. As stated in SCR 3.390(1), this order shall take effect on the twentieth day following its entry. Dade is instructed to promptly take all reasonable steps to protect the interests of his clients. He shall not during the term of suspension accept new clients or collect unearned fees and shall comply with the provisions of SCR 3.130(7.50)(5).

      All sitting. All concur.

ENTERED:  April 24, 2024

_____
CHIEF JUSTICE

6